IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ALOYSIUS THADDEUS HENRY, | * | 2005 DEC 28  P 4:29 |
| Plaintiff, | * | |
| v. | * | Civil Action Number: 2:05CV1234-F |
| D. T. MARSHALL, GINA SAVAGE, MONTGOMERY COUNTY COMMISSION, OFFICER TOLBERT, L.T. FINLEY, MELODY MILINDER, SOUTHERN HEALTH PARTNERS, DR. NICHOLES, | * | |
| Defendants. | * | |

## ANSWER

COME NOW Defendants Montgomery County Commission, D.T. Marshall, Gina Savage, Officer Tolbert, Lieutenant Annie Findley and Grievance Clerk Davis, and for answer to the Plaintiff's Complaint, state as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendants deny violating any of the Plaintiff's constitutional rights afforded him under law.

### THIRD DEFENSE

Defendants aver they are entitled to immunity pursuant to the Eleventh Amendment to the United States Constitution with respect to any claims asserted against them in their official capacities.

1

SCANNED
1-3-06

## FOURTH DEFENSE

To the extent Plaintiff has asserted his claims against Defendants in their official capacities, all such claims should be dismissed because in their official capacities, Defendants are not considered "persons" subject to liability under 42 U.S.C. § 1983.

## FIFTH DEFENSE

Defendants aver that they are entitled to qualified immunity with respect to any claims asserted against them in their individual capacities.

## SIXTH DEFENSE

All claims against Defendant Montgomery County Commission are due to be dismissed because under Alabama law, counties are not responsible for the operation of county jails or for the custody and control of inmates therein.

## SEVENTH DEFENSE

Plaintiff's claims regarding conditions at the Montgomery County Detention Facility are due to be dismissed because Plaintiff has failed to demonstrate a physical injury as a result thereof.

## EIGHTH DEFENSE

Some or all of Plaintiff's claims may be barred because Plaintiff failed to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).

## NINTH DEFENSE

To the extent Plaintiff asserts a claim for excessive force, such claim is due to be dismissed because the force was applied in a good faith effort to maintain and restore discipline and was necessary and reasonable in relation to the threat of disorder apparent at the time.

### TENTH DEFENSE

To the extent Plaintiff asserts an excessive force claim, such claim is due to be dismissed because any injury received by the Plaintiff was *de minimis*.

### ELEVENTH DEFENSE

Defendants deny each and every material allegation of the Complaint and demand strict proof thereof.

### TWELFTH DEFENSE

Plaintiff's claim for punitive damages against the Montgomery County Commission is not allowed under applicable law and therefore such claim must be dismissed.

### THIRTEENTH DEFENSE

Plaintiff's Complaint fails to state a claim for which punitive damages or mental or emotional distress can be recovered against these Defendants.

### FOURTEENTH DEFENSE

Defendants deny that they are liable to the Plaintiff for the damages claimed in the Complaint and demand strict proof thereof.

### FIFTEENTH DEFENSE

Defendants deny that they or any of their agents breached any duty or obligation allegedly owed to the Plaintiff.

### SIXTEENTH DEFENSE

Defendants deny that Plaintiff was injured or harmed in any way by any alleged act or omission of the Defendants.

### SEVENTEENTH DEFENSE

Plaintiff's claims are due to be dismissed because Defendants cannot be held liable under a theory of respondeat superior with respect to any of the actions alleged in the Complaint.

### EIGHTEENTH DEFENSE

Some or all of Plaintiff's claims are due to be dismissed because the conduct complained of by Plaintiff does not rise to a constitutional violation.

### NINETEENTH DEFENSE

Defendants plead the general issue.

### TWENTIETH DEFENSE

Defendants state that they are not guilty of the things and matters alleged in Plaintiff's Complaint.

### TWENTY-FIRST DEFENSE

Defendants aver that they acted in good faith at all times relevant to the issues set forth in Plaintiff's Complaint.

### TWENTY-SECOND DEFENSE

The Defendants plead the affirmative defenses of waiver and estoppel.

### TWENTY-THIRD DEFENSE

As to the specific allegations in the Plaintiff's Complaint, Defendants state as follows:

1. Defendants deny the allegations on page one of the Complaint.
2. Defendants deny the allegations on page two of the Complaint.
3. Defendants deny the allegations on page three of the Complaint.

4. Defendants deny the allegations on page four of the Complaint.

5. Defendants deny the allegations on page five of the Complaint. By way of further answer, to the extent Defendants have not responded to all of the allegations in the Plaintiff's Complaint, all of the same are hereby denied. Defendants further deny all prayers for relief in the Complaint and deny that Plaintiff is entitled to any of the relief requested in the Complaint.

*[signature]*
THOMAS T. GALLION (GAL010)
CONSTANCE C. WALKER (WAL144)
Attorneys for Defendants

OF COUNSEL:

Haskell Slaughter Young & Gallion, LLC
305 S. Lawrence Street
Post Office Box 4660
Montgomery, Alabama 36103-4660
334-265-8573
334-264-7945

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 28 day of December, 2005, I have served a true and correct copy of the foregoing upon all parties and counsel of record by placing the same in the U.S. mail, first class, postage pre-paid and addressed as follows:

Aloysius Thaddeus Henry
Montgomery County Detention Facility
4-D-3
Post Office Box 4599
Montgomery, Alabama 36103

Daniel F. Beasley, Esq.
Lanier Ford Shaver Payne P.C.
200 West Side Square
Suite 5000
Huntsville, Alabama 35801

_____
OF COUNSEL